FILED
United States Court of Appeals
Tenth Circuit

July 16, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

WILLIE LEE MITCHELL, JR.,

     Plaintiff - Appellant,

v.

FRED FIGUEROA, Warden; REBECCA
WILLIAMS, Trust Account,

     Defendants - Appellees.

No. 12-6051

(D.C. No. 5:10-CV-01320-R)
(W. D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Plaintiff Willie Lee Mitchell, Jr., a California state prisoner currently confined in a

privately operated correctional facility in Oklahoma, appeals from the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal without prejudice of his 42 U.S.C. § 1983 civil rights complaint. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

Mitchell is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDOC). Mitchell is currently confined at the North Fork Correctional Facility (NFCF) in Sayre, Oklahoma. NFCF is owned and operated by the Corrections Corporation of America, Inc. (CCA). CCA has contracted with the CDOC to house California inmates, such as Mitchell, at NFCF.

On December 7, 2010, Mitchell, appearing pro se and proceeding in forma pauperis, initiated these proceedings by filing a civil rights complaint pursuant to § 1983. The two defendants named in Mitchell's complaint were Fred Figueroa, the warden at NFCF, and Rebecca Williams, the facility bookkeeper at NFCF. In his complaint, Mitchell alleged that Williams, acting on behalf of the CDOC, improperly deducted money from Mitchell's prison trust account in order to make payment towards restitutions and fines associated with Mitchell's California criminal convictions. Relatedly, Mitchell complained that NFCF lacked a grievance system that could address the issue, and that his only avenue of administrative relief was filing a complaint with the California Out of State Correctional Facility (COCF) Department.

At the defendants' request, the magistrate judge assigned to the case directed NFCF officials to prepare and file a Martinez report. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (en banc). Defendants complied with that order and, on July 22,

-2-

2011, filed their <u>Martinez</u> report with the court.

The <u>Martinez</u> report indicated that, according to the CDOC's Office of Victim and Survivor Rights and Services, Mitchell owed restitution in connection with six separate California convictions. The report listed the amount of restitution that had been withheld from Mitchell's wages since his arrival at NFCF. The report also noted that COCF had in place policies and procedures that allowed inmates at NFCF to seek administrative relief. Lastly, the report noted that "Mitchell . . . beg[a]n the [administrative] procedure[s], but did not complete his appeals prior to filing this action with the Court." ROA, Vol. 1, at 59. More specifically, the reported noted that Mitchell filed a grievance with the COCF on November 19, 2010, but that the grievance was found to be improperly filed and was returned to Mitchell with instructions on how to correct and resubmit it.[1]

Defendants moved to dismiss Mitchell's complaint based upon the information contained in the <u>Martinez</u> report. Defendants argued that Mitchell's "lack of completion of the grievance process [could not] be considered 'sufficient' or 'proper' exhaustion of administrative remedies," and that his "lack of completion of the grievance process clearly constitute[d] a failure by him to first properly exhaust his administrative remedies." ROA, Vol. 1, at 112. The magistrate judge converted defendants' motion to dismiss to a motion for summary judgment and allowed Mitchell to respond to the motion

---

[1] The report also noted that, after filing this action on December 7, 2010, Mitchell resubmitted his grievance to the COCF on January 19, 2011. The report noted, however, that "the grievance was not properly completed and [was] again screened out." ROA, Vol. 1, at 61.

with any supporting evidence he might have.

On January 18, 2012, the magistrate judge issued a thorough report and recommendation recommending that defendants' motion be granted and Mitchell's claims dismissed without prejudice due to his failure to exhaust his administrative remedies. Mitchell filed written objections to the report and recommendation. On February 8, 2012, the district court issued an order adopting the magistrate judge's report and recommendation and dismissing Mitchell's complaint without prejudice for failure to exhaust. In doing so, the district court found that the undisputed facts established that "although [Mitchell] attempted exhaustion, [he] did not do so properly nor did he follow the process through to its completion." ROA, Vol. 1, at 216.

Mitchell filed a timely notice of appeal. He has since filed with this court an opening brief and a motion for leave to proceed in forma pauperis on appeal.

II

We review de novo a district court's dismissal of a claim for failure to exhaust administrative remedies. Patel v. Fleming, 415 F.3d 1105, 1108 (10th Cir. 2005). The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, exhaustion of available administrative remedies is mandatory under the PLRA, see Booth v. Churner, 532 U.S. 731, 741 (2001), and the "exhaustion requirement applies to

all prisoners seeking redress for prison circumstances or occurrences," <u>Porter v. Nussle</u>, 534 U.S. 516, 520 (2002).

Having reviewed the record on appeal in this case, we conclude that the district court properly disposed of Mitchell's complaint. Although the record indicates that Mitchell initiated the administrative remedy process on at least two occasions (once before filing his complaint and once after), the record also indicates that he failed to fully exhaust the remedies available to him. Thus, the district court was required under the PLRA to dismiss his complaint. Because the district court dismissed the complaint without prejudice, Mitchell can refile if and when he actually exhausts his administrative remedies.

The judgment of the district court is AFFIRMED. Mitchell's pleading entitled "Permission to Amend, clarify of other parties confusion. Opening of my legal mail out of my presence," is DENIED. Mitchell's motion for leave to proceed in forma pauperis on appeal is DENIED. Appellant is ordered to make immediate payment of the unpaid balance of the filing fee.

Entered for the Court

Mary Beck Briscoe
Chief Judge