**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDWARD V. RAY, JR.,

     Plaintiff - Appellant,

v.

MRS. BRADFORD; MS. HAGERMAN;
R. FERGUSON; C/O HABSEN,

     Defendants - Appellees.

No. 15-6040
(D.C. No. 5:13-CV-00092-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Edward Ray, a state prisoner proceeding pro se,[1] appeals the dismissal of his

42 U.S.C. § 1983 suit.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ray is proceeding pro se, we construe his filings liberally.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Ray is a California state prisoner who was incarcerated at the North Fork Correctional Center in Oklahoma during the time pertinent to this case. In his complaint, Ray avers that defendants, North Fork employees, violated his First, Fifth, Eighth, and Fourteenth Amendment rights by seizing his mail, imposing various punishments and restrictions on him, and increasing his custody level.

A magistrate judge ordered that defendants complete a Martinez report addressing Ray's contentions. See Martinez v. Aaron, 570 F.2d 317, 318-19 (10th Cir. 1978). Defendants simultaneously submitted the Martinez report and moved to dismiss. The district court partially adopted a report and recommendation from the magistrate judge recommending dismissal. It dismissed Ray's complaint in part but permitted him leave to amend. After Ray filed an amended complaint, the defendants again moved to dismiss, referencing the previously-filed Martinez report and attachments. In his response to this second motion to dismiss, Ray attached several exhibits. The magistrate judge recommended that the second motion to dismiss be converted to a motion for summary judgment and that it be granted. Ray filed an objection to the magistrate judge's report and recommendation. The district court adopted the findings and conclusions of the magistrate's second report, converted the motion to dismiss into a motion for summary judgment, and granted the motion for summary judgment. Ray timely appealed.

"We review for an abuse of discretion a district court's decision to consider evidence beyond the pleadings and convert a motion to dismiss to a motion for summary judgment." Bryce v. Episcopal Church in the Diocese of Colo., 289 F.3d 648, 654 (10th Cir. 2002). The ensuing grant of summary judgment is reviewed de novo. Id. at 655.

Because Ray raised only two objections in his response to the magistrate's report and on appeal, he has waived all other issues. See Cohen v. Longshore, 621 F.3d 1311, 1318 (10th Cir. 2010) ("[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." (quotation omitted)).

In his first objection, Ray argues that Tenth Circuit precedent should not be applied to him because he is a California state prisoner. However, because Ray brought his suit in a federal court within the Tenth Circuit, Tenth Circuit precedent applies. Cf. Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1165-66 (10th Cir. 2003) (applying Tenth Circuit precedent to resolve suit filed by Wisconsin inmates incarcerated at North Fork); see also Mitchell v. Figueroa, 489 F. App'x 258, 259-60 (10th Cir. 2012) (unpublished) (applying Tenth Circuit precedent to resolve § 1983 suit filed by California state prisoner also incarcerated at North Fork).[2]

---

[2] Moreover, because the California Department of Corrections and Rehabilitation makes determinations concerning transfers and prisoner complaints involving California state prisoners incarcerated at North Fork, the district court

Ray also contends that he was unfairly prejudiced by the decision to convert defendants' motion to dismiss into a motion for summary judgment. But Ray filed materials outside the pleadings in response to that motion, and therefore cannot assert that its conversion was unfair. See Arnold v. Air Midwest, Inc., 100 F.3d 857, 859 n.2 (10th Cir. 1996) (explaining that a party who "submitted material beyond the pleadings in opposition to defendants' motion [to dismiss] . . . is scarcely in a position to claim unfair surprise or inequity"); see also Lamb v. Rizzo, 391 F.3d 1133, 1137 n.3 (10th Cir. 2004) (reaching similar conclusion).

### III

The judgment of the district court is **AFFIRMED**. We **GRANT** Ray's motion to proceed in forma pauperis, and remind him of his obligation to continue making partial payments until the fees are paid in full.[3]

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

considered California regulations and case law interpreting them when resolving Ray's claim that North Fork officials violated those regulations. It did not base its decision on Oklahoma law.

[3] Ray has also requested that we take judicial notice of his amended complaint. Because that document is already contained in the record on appeal, his request is **DENIED** as moot.